FILED

JAN 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WINLESKY BURHAM, | No. 13-73945 |
| Petitioner, | Agency No. A088-487-396 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Winlesky Burham, native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2007), and deny the petition for review.

We deny respondent's request for summary disposition. *See Quan v. Gonzales*, 428 F.3d 883, 886 (9th Cir. 2005).

Substantial evidence supports the BIA's finding that Burham failed to establish his experiences in Indonesia, even considered cumulatively, rose to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009); *Wakkary*, 558 F.3d at 1059-60 (record did not compel finding of past persecution where petitioner was robbed and beaten as a youth and accosted by a mob). We reject Burham's contentions that the BIA ignored evidence. Substantial evidence also supports the BIA's finding that, even under a disfavored group analysis, Burham failed to show sufficient individualized risk to establish a well-founded fear of persecution. *See Halim*, 590 F.3d at 979. We reject Burham's contentions that the BIA applied an incorrect legal standard or ignored evidence. Thus, his asylum claim fails.

Because Burham did not establish eligibility for asylum, he did not meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

13-73945

Finally, substantial evidence supports the denial of Burham's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Indonesia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th. Cir. 2008).

**PETITION FOR REVIEW DENIED.**